**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHANE N TOWNSEND,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-12-0636** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WARDEN, FCC LEWISBURG,** | : | |
| | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

## I.    Introduction

Before the court is Mr. Townsend's motion for Reconsideration (Doc. 27) of the court's January 30, 2013 memorandum and order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 25.)  For the following reasons, the instant motion will be denied.

## II.    Background

On March 28, 2012, Mr. Townsend filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging disciplinary proceedings that found him guilty of killing another inmate.  (Doc. 1.)  In his habeas petition, Mr. Townsend alleged his constitutional rights were violated because he was denied access to his staff representative, prevented from mounting an effective defense, and the Disciplinary Hearing Officer (DHO) presiding over the hearing was not impartial and relied upon false staff reports.  (*Id*.)  In his Traverse, Mr. Townsend alleged, for the

first time, that his due process rights were violated when the DHO made no effort to determine his mental competency to participate in the hearing.  (Doc. 14, ECF pp. 2 - 3.)  He also challenged the effectiveness of his staff representative, and his lack of notice that the DHO was to rely upon staff reports when reaching his decision.  (*Id.*, ECF pp. 3 - 9.)  Finally, he argued that the victim's death could have been caused by a bad heart or by prison staff improperly transporting him to the medical unit in a wheelchair rather than a stretcher.  (*Id.*, ECF p. 11.)

After considering the habeas petition and responses thereto, the court denied the Petition finding no constitutional due process violation and that the greater weight of the evidence supported a finding that Mr. Townsend was responsible for the killing of the victim.  (Doc. 25.)

On February 11, 2013, Mr. Townsend filed a motion for reconsideration claiming the court erred in dismissing his petition.  (Doc. 27.)  Specifically, Mr. Townsend argued that: (1) the DHO should have attempted to determined whether he was mentally competent to participate in the disciplinary hearing; (2) the veracity of officer statements relied upon by the DHO cannot be determined without an evidentiary hearing by this court; and (3) even though the coroner confirmed the victim died of asphyxia due to neck compression, "a determination as to who is actually the cause of [the victim's] death is absolutely crucial" in deciding whether the loss of his good time credit for "killing" the victim is warranted.  (*Id.*, ECF pp. 2 - 6.)

III.     **Discussion**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure.  A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677).

Such motions are devices of limited utility, not to be used as a means to relitigate or rehash legal principles and arguments already presented to, and rejected by the court, nor to present additional arguments that could or should have been raised before judgment was entered.  *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration cannot be used to gain a "second bite" at the apple); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Applying the foregoing standards, the court concludes that Mr. Townsend has not demonstrated any of the applicable grounds for reconsideration.  The court finds no intervening change in controlling law and no error of law or fact.  All of the issues

presented in Mr. Townsend's motion for reconsideration were previously addressed by the court.  His alleged incompetency to participate in the disciplinary hearing, the truthfulness of staff statements, the cause of the victim's death were all addressed in the court's January 30, 2013, memorandum and order.  *See* Docs. 25 and 26. While Mr. Townsend may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision.  Accordingly, the motion for reconsideration will be denied.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date:  October 16, 2015**